UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

UNITED STATES OF AMERICA           :

       - v. -                                      :   10 Cr. 332 (RJH)

AARON J. BOUTTE,                              :

           DEFENDANT.                     :

------------------------------------------------------------------x

## DEFENDANT'S OPPOSITION TO INVOLUNTARY MEDICATION

                                        Federal Defenders of New York
                                        Attorney for Defendant
                                        **Aaron Boutte**
                                        52 Duane Street,10th Floor
                                        New York, New York  10007
                                        Tel.: (212) 417-8772

                                        **Sarah Baumgartel, Esq.**
                                          Of Counsel

TO:    PREET BHARARA, ESQ.
         United States Attorney
         Southern District of New York
         One St. Andrew's Plaza
         New York, New York  10007
         Attn: **AUSA Alvin Bragg, Jr., Esq.**

Counsel for defendant Aaron Boutte submits this opposition to the Bureau of Prison's application to the Court to order the involuntary administration of psychotropic medications to Mr. Boutte. In particular, counsel submits that the standard in <u>Sell v. United States</u>, 539 U.S. 166 (2003), cannot be met because the government could not demonstrate by clear and convincing evidence (1) that such involuntary medication is required based on an overriding, essential government interest in trying Mr. Boutte on this charge and (2) that such a course is substantially likely to render Mr. Boutte competent to stand trial.

Mr. Boutte has been charged in a one count Indictment with assaulting and impeding a federal officer during the performance of official duties, in violation of 18 U.S.C. § 111(a)(1) and (b). Mr. Boutte allegedly assaulted a Court Security Officer who was then working at a United States Marshals booth near the federal courthouse.

Mr. Boutte is currently incarcerated at the Bureau of Prisons Federal Medical Center in Butner, North Carolina ("FMC-Butner"). The incident giving rise to this case occurred on March 20, 2010. Mr. Boutte has been in some form of custody since his arrest and was first presented in federal court on April 1, 2010. Counsel requested a competency evaluation of Mr. Boutte, which was completed and documented in a report by Dr. William J. Ryan, Ph.D dated July 16, 2010. In that report, Dr. Ryan opined that Mr. Boutte was not competent to stand trial and recommended that he be committed for restoration of competency.

On July 30, 2010, this Court ordered Mr. Boutte committed to FMC-Butner for restoration, pursuant to 18 U.S.C. § 4241(d). Mr. Boutte has now been committed for evaluation for nearly eight months. He has been in custody for approximately one year.

In a letter to the Court dated March 8, 2011 ("March 2011 Report"), Dr. Carlton Pyant, Ph.D. and Kwanna Williamson, M.D., of FMC-Buter, conclude that Mr. Boutte is still not

competent to proceed to trial. They further report that Mr. Boutte is currently refusing to take medication. They request that the Court order the involuntary administration of antipsychotic medication pursuant to Sell. The most recent report notes that Mr. Boutte is not currently homicidal or suicidal; he is not gravely disabled; and he is not considered a risk of danger to himself or others (meaning that he would not meet the criteria for treatment pursuant to Washington v. Harper, 494 U.S. 210 (1990)). March 2011 Report at 10, 17.

On behalf of Mr. Boutte, counsel objects to the BOP's request. Counsel has not been able to communicate with Mr. Boutte since receipt of the March 2011 Report. Nonetheless, based on the available information, counsel submits that the government cannot meet its burden under Sell and that the Court should not order involuntary medication.

The forced administration of antipsychotic drugs infringes an individual's Fifth Amendment liberty interests. See, e.g., Sell v. United States, 539 U.S. 166, 177-79 (2003). As a result, the Constitution only permits the involuntary administration of such drugs if (1) there is an important governmental interest in trying the individual; (2) the treatment will significantly further that interest; (3) the treatment is necessary because less intrusive means are unlikely to be effective; and (4) the administration of such medication is medically appropriate. Sell, 539 U.S. at 179-81; see also United States v. Feretti, No. 08-m-51 (GLS/DRH), 2009 WL 4730227, at *2-3 (N.D.N.Y. Dec. 2, 2009). It is the government's burden to establish each of these prerequisites by clear and convincing evidence. United States v. Gomes, 387 F.3d 157, 160 (2d Cir. 2004).

Counsel submits that the first part of the Sell test is not met in this case. To determine whether the government has an important interest in trying a defendant for a particular crime, the Court should consider the facts of the individual case, the government's interest in bringing that case to trial, and any special circumstances that might lessen the government interest. See Sell,

539 U.S. at 179.  In gauging the significance of the government interest, courts can consider the seriousness of the crime as indicated by the nature of the offense, the statutory maximum punishment, and the applicable advisory Sentencing Guidelines range.  See, e.g., Feretti, 2009 WL 4730227 at *3.  Special circumstances include, but are not limited to, the prospect of civil confinement of the defendant and whether the defendant has already been confined for a significant amount of time.  See Sell, 539 U.S. at 180; United States v. Lindauer, 448 F. Supp. 2d 558, 571 (S.D.N.Y. 2006).

Counsel does not mean to minimize the charged offense in any way.  However, when considering all the specific facts here, the government cannot demonstrate, by clear and convincing evidence, an essential governmental interest in trying Mr. Boutte for this offense.  In terms of the seriousness of the offense, this is not a case where Mr. Boutte faces a lengthy mandatory minimum sentence, or even a particularly long advisory Sentencing Guidelines range.  The government has charged Mr. Boutte with a violation of 18 U.S.C. § 111(a)(1) and (b), resulting in bodily injury (but not serious bodily injury).  U.S.S.G. § 2A2.4 likely applies to this offense.  Assuming enhancements for making physical contact with his victim and causing physical injury, Mr. Boutte's offense level would be 15.  This means that Mr. Boutte's advisory Sentencing Guidelines range is likely to be around two years' imprisonment or less.  He has already been in custody for approximately a year.

Thus, if the Court followed the BOP's recommendation, there is a substantial risk that Mr. Boutte would be in custody for a period exceeding his advisory Guidelines range before the case could even be brought to trial.  See March 2011 Letter at 16 (noting that adequate trial of drugs would require "at least three to four months of continuous treatment").

Further, while this is a violent offense, the fact that the BOP's own experts have opined that Mr. Boutte is not currently a danger to himself or others somewhat diminishes the governmental interest in prosecution. Cf. Feretti, 2009 WL 4730227 at *4.

Based on Mr. Boutte's history, the government may potentially pursue his civil confinement pursuant to 18 U.S.C. § 4246. This is a factor the Court may consider as weighing against an order of involuntary medication. See Sell, 539 U.S. at 180.

A final special circumstance of this case is that defendant most likely has a powerful insanity defense. Because of Mr. Boutte's ongoing medical issues, counsel has not been able to extensively confer with him regarding potential defenses. But Mr. Boutte's long mental health history, the description of the offense provided by the government, the statements defendant reportedly made at the time of the alleged offense,[1] and Mr. Boutte's subsequent state hospitalization, strongly suggest a compelling insanity defense. This makes it likely that extensive pretrial preparation will be necessary, prolonging the time that Mr. Boutte will have to remain in custody. It also undermines the chances of the government actually securing a criminal conviction. For all of these reasons, the first part of the Sell test has not been met.

Further, the second part of the test cannot be met because there is not truly a substantial likelihood that the course proposed by the BOP will render Mr. Boutte competent to proceed to trial. If Mr. Boutte persists in refusing medication, any restoration of competency will be temporary at best. If Mr. Boutee regains competency, he will have to be transferred from FMC-Butner back to New York for trial to proceed. It is not clear that the BOP facilities in New York have the mental health resources of FMC-Butner and, specifically, the ability to administer long-acting injectable medications. The significant risk is that, once in New York, it seems unlikely

---

[1] Mr. Boutte reportedly identified himself to the court security officer as "Michael the Arch Angel," which would be consistent with delusions documented elsewhere in his medical history.

that Mr. Boutte will be able to maintain his competency throughout what is likely to be a lengthy trial preparation period.

As to the third and fourth <u>Sell</u> factors, counsel is not currently in a position to challenge any of the medical conclusions in the March 2011 Report. However, counsel notes that the Report itself acknowledges the real possibility of serious – in some cases irreversible or life threatening – side effects from treatment, <u>see</u> March 2011 Report at 13-17. This militates against the involuntary administration of medication. <u>Cf.</u> <u>United States v. Weinberg</u>, 743 F. Supp. 2d 234, at *6 (W.D.N.Y. 2010).

As Judge Mukasey wrote <u>United States v. Lindauer,</u>

> I think it is not inappropriate to recall in plain terms what the government seeks to do here, which necessarily involves physically restraining defendant so that she can be injected with mind-altering drugs. There was a time when what might be viewed as an even lesser invasion of a defendant's person - pumping his stomach to retrieve evidence - was said to 'shock[ ] the conscience'

448 F. Supp. 2d 558, 567 (S.D.N.Y. 2006).

Though the law today does allow such a gross and fundamental invasion of personal liberty, clearly it should only be permitted in cases of true necessity. Mr. Boutte is not currently a danger to himself or others. For the reasons outlined above, the government cannot show that Mr. Boutte's involuntary medication is necessary here.

Finally, counsel submits that Mr. Boutte has been detained for as long as is permissible under 18 U.S.C. § 4241(d). It seems clear that Mr. Boutte is not competent to proceed to trial at this time and the government cannot meet its legal burden to compel medication to possibly render him competent.

Counsel respectfully submits that, at this stage, the government must determine how it intends to proceed under 18 U.S.C. § 4241(d)(2), considering that Mr. Boutte's mental condition has not improved sufficiently to permit these criminal proceedings to go forward.

Dated: New York, New York
       March 25, 2011

                                            Respectfully submitted,
                                            Federal Defenders of New York

By: *[signature]*
                                            **Sarah Baumgartel, Esq.**
                                            Attorney for Aaron Boutte
                                            52 Duane Street, 10th Floor
                                            New York, New York 10007
                                            Tel.: (212) 417-8772